UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GUADALUPE ORTA RAMOS ) | |
| ) | Crim. Action No: SA-11-CR-836-XR |
| ) | Civ. Action No. SA-14-CV-296-XR |
| Petitioner, ) | |
| ) | |
| VS. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed July 29, 2014 (docket no. 284) and Petitioner's objections thereto (docket nos. 300 and 301). After careful consideration, the Court will adopt the Report and Recommendation, overrule all objections and deny Petitioner's motion to vacate.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Inasmuch as Petitioner has filed objections, the Court has conducted a de novo review.

## BACKGROUND AND OBJECTIONS

The Magistrate Judge thoroughly discussed the background of this case and the applicable law. See docket no. 284. In his motion to vacate Petitioner argued that his criminal history category was incorrectly calculated in his Presentence Report. Specifically, he argues that it should have been calculated at III, rather than V. Petitioner argued that his counsel was ineffective for not objecting to the calculation. However, as noted by the Magistrate Judge, counsel indeed lodged written and verbal objections to the calculation of the criminal history. Secondly, he claimed that he told his attorney after the sentence was imposed that he wanted an appeal filed on that point. The Magistrate Judge extensively discusses why Petitioner is incorrect as a matter of law regarding the scoring of his previous criminal history. The Magistrate Judge also noted that Petitioner's trial counsel testified by affidavit that he was not told by Petitioner to file any appeal. Accordingly, the Magistrate Judge found Petitioner's claims conclusory.

In his Response (docket no. 300), Petitioner essentially changes the grounds for his motion to vacate. He now argues that his plea was not voluntary because the Government represented that his criminal history was III and he relied upon that misrepresentation when deciding to plea. He also argues that his attorney was ineffective because he did not properly investigate what his criminal history would score, prior to the signing of the plea agreement. He also seeks an evidentiary hearing to "enlighten" the Court as to the "defective application and calculation of the Movant's sentence based on his prior convictions."

For the reasons stated in the Report and Recommendation, Petitioner's attorney did not

render ineffective assistance of counsel. Defendant knowingly and voluntarily pled guilty. With regard to the claim that the Government falsely represented that his criminal history was III, that claim is refuted by the written plea agreement. Petitioner acknowledged the following:

> Defendant stipulates that no person has specifically promised what sentence he will receive. Defendant understands that his sentence will be determined after reference to the United States Sentencing Guidelines (USSG), which are now "advisory".
> Defendant understands that the statutory punishment that could be imposed is: (1) a minimum, mandatory 10 year term of imprisonment and a maximum life term of imprisonment; (2) a maximum fine of $10,000,000; (3) a 5 year term of supervised release; and (4) a mandatory $100.00 special assessment pursuant to the Victims of Crimes Act.
> Defendant acknowledges that he has discussed this range of punishment with his attorney, and still wants to plead guilty in this case.

Otherwise, Petitioner provides no legal argument to support his claim that his criminal history was improperly scored. Petitioner's claim is conclusory and wrong as a matter of law.

With regard to the second claim (failure to file an appeal), in order to try to overcome the Magistrate Judge's recommendation that his claim was conclusory, Petitioner now attempts to include an affidavit (docket no. 301) wherein he claims that he would not have agreed to plea if he knew that his criminal history was V, and that he told his attorney to file an appeal regarding the alleged improper calculation.

Again, Petitioner attempts to circumvent his acknowledgments in the plea agreement. In the plea agreement, he acknowledged, in part, the following:

> Defendant is aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government, or the Probation Office is not a promise, did not induce his guilty plea or this waiver, and does not bind the Government, the Probation Office, or the Court. In other words, Defendant understands that he cannot challenge the sentence

> imposed by the District Court, even if it differs substantially from any sentencing range estimated by his attorney, the attorney for the Government, or the Probation Officer. Realizing the uncertainty in estimating what sentence he will ultimately receive, Defendant knowingly and voluntarily waives his rights to appeal the sentence or contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this Agreement.

Petitioner's objections are conclusory.

## Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence (docket no. 254) pursuant to 28 U.S.C. § 2255 is DENIED. Petitioner's objections to the Report and Recommendation are overruled.

SIGNED this 24th day of September, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE